Nancy M. Battel, CSBN 126548
**LAW OFFICES OF NANCY M. BATTEL, JD MBA**
99 Almaden Blvd., Suite 925
San Jose, CA 95113
Phone: (408) 297-5400
Fax: (408) 297-5407

Attorney for Defendant
Taro Yamagami Trust,
sued erroneously as Saro Yamagami Trust,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICK FUTIA, | Case No. C 08-688 PVT |
| Plaintiff, | ANSWER TO FIRST AMENDED COMPLAINT |
| v. | |
| Taro Yamagami Trust, sued erroneously as Saro Yamagami Trust, | |
| Defendant. | |

Defendant Taro Yamagami Trust, sued erroneously as Saro Yamagami Trust answers the Complaint of Rick Futia as follows:

**FIRST CLAIM FOR RELIEF**

1. Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in paragraph 1, and on that basis denies them.

2. Defendant admits the allegations of paragraph 2.

3. The statutory provisions speak for themselves and must be read in their entirety. Insofar as plaintiff has inaccurately summarized or interpreted any provision of such code sections, answering defendant denies the purported allegations of paragraph 3. Defendant also lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 3, and on that basis denies them.

4. Defendant admits the allegations of paragraph 4.

1     5. Defendant admits the allegations regarding venue; however, denies the allegations contained
2 in paragraph 5 relating to discriminatory acts on the part of Defendant.
3     6. Defendant admits the allegations of paragraph 6.
4     7. Defendant admits the allegations of paragraph 7.
5     8. Defendant lacks sufficient knowledge or information as to the truth of the allegations
6 contained in paragraph 8, and on that basis denies them.
7     9. Defendant admits the allegations of paragraph 9.
8     10. The statutory provisions speak for themselves and must be read in their entirety. Insofar as
9 plaintiff has inaccurately summarized or interpreted any provision of such code sections, answering
10 defendant denies the purported allegations of paragraph 10. Defendant also lacks sufficient
11 knowledge or information as to the truth of the remaining allegations contained in paragraph 10, and
12 on that basis denies them.
13     11. The statutory provisions speak for themselves and must be read in their entirety. Insofar as
14 plaintiff has inaccurately summarized or interpreted any provision of such code sections, answering
15 defendant denies the purported allegations of paragraph 11.
16     12. The statutory provisions speak for themselves and must be read in their entirety. Insofar as
17 plaintiff has inaccurately summarized or interpreted any provision of such code sections, answering
18 defendant denies the purported allegations of paragraph 12.
19     13. Defendant lacks sufficient knowledge or information at this time as to the truth of the
20 allegations contained in paragraph 13, and on that basis denies them.
21     14. Defendant lacks sufficient knowledge or information at this time as to the truth of the
22 allegations contained in paragraph 14, and on that basis denies them.
23     15. Defendant lacks sufficient knowledge or information at this time as to the truth of the
24 allegations contained in paragraph 15, and on that basis denies them.
25     16. The statutory provisions speak for themselves and must be read in their entirety. Insofar as
26 plaintiff has inaccurately summarized or interpreted any provision of such code sections, answering
27 defendant denies the purported allegations of paragraph 16. Defendant also lacks sufficient
28 knowledge or information as to the truth of the remaining allegations contained in paragraph 16, and

on that basis denies them.

17. The statutory provisions speak for themselves and must be read in their entirety. Insofar as plaintiff has inaccurately summarized or interpreted any provision of such code sections, answering defendant denies the purported allegations of paragraph 17. Defendant also lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 17, and on that basis denies them.

18. The statutory provisions speak for themselves and must be read in their entirety. Insofar as plaintiff has inaccurately summarized or interpreted any provision of such code sections, answering defendant denies the purported allegations of paragraph 18.

## SECOND CLAIM FOR RELIEF

19. Defendant lacks sufficient knowledge or information as to the truth of these allegations and on that basis denies them.

20. The statutory provisions speak for themselves and must be read in their entirety. Insofar as plaintiff has inaccurately summarized or interpreted any provision of such code sections, answering defendant denies the purported allegations of paragraph 20.

21. The statutory provisions speak for themselves and must be read in their entirety. Insofar as plaintiff has inaccurately summarized or interpreted any provision of such code sections, answering defendant denies the purported allegations of paragraph 21.

22. The statutory provisions speak for themselves and must be read in their entirety. Insofar as plaintiff has inaccurately summarized or interpreted any provision of such code sections, answering defendant denies the purported allegations of paragraph 22.

23. The statutory provisions speak for themselves and must be read in their entirety. Insofar as plaintiff has inaccurately summarized or interpreted any provision of such code sections, answering defendant denies the purported allegations of paragraph 23.

24. The statutory provisions speak for themselves and must be read in their entirety. Insofar as plaintiff has inaccurately summarized or interpreted any provision of such code sections, answering defendant denies the purported allegations of paragraph 24. Defendant also lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 24, and

on that basis denies them.

25. Defendant lacks sufficient knowledge or information as to the truth of these allegations and on that basis denies them.

26. The statutory provisions speak for themselves and must be read in their entirety. Insofar as plaintiff has inaccurately summarized or interpreted any provision of such code sections, answering defendant denies the purported allegations of paragraph 26. Defendant denies that it has intentionally violated the law. Defendant also lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 26, and on that basis denies them.

27. The statutory provisions speak for themselves and must be read in their entirety. Insofar as plaintiff has inaccurately summarized or interpreted any provision of such code sections, answering Defendant denies the purported allegations of paragraph 27. Defendant also lacks sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 27, and on that basis denies them. Defendant admits that Plaintiff is seeking relief pursuant to the cited statutes. Defendant Taro Yamagami Trust, sued erroneously as Saro Yamagami Trust, denies that Plaintiff is entitled to any relief against this answering defendant. Except as admitted, Defendant Taro Yamagami Trust, sued erroneously as Saro Yamagami Trust denies each and every remaining allegation in Plaintiff's Complaint directed at this answering Defendant.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint as a whole, and each alleged cause of action therein, fails to state a cause of action against this answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Answering defendant is informed and believes, and on that basis alleges, that Plaintiff failed to mitigate his damages, if any there were, although he had reasonable opportunity to do so.

**THIRD AFFIRMATIVE DEFENSE**

Answering Defendant is informed and believes, and on that basis alleges, that to the extent Plaintiff suffered any injury, said injuries were directly and proximately cased by the acts or omissions, or both, of other persons presently unknown to this answering Defendant.

/ / / /

**FOURTH AFFIRMATIVE DEFENSE**

The complaint is barred by the applicable statutes of limitation.

**FIFTH AFFIRMATIVE DEFENSE**

Answering defendant is informed and believes, and on that basis alleges, that Plaintiff is barred from recovering by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to pursue his administrative remedies, required before filing this action.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint and each Cause of Action therein fail for lack of certainty and conciseness under California and Federal law.

**EIGHTH AFFIRMATIVE DEFENSE**

This Answering Defendant acted in and with a good faith belief in the propriety of all acts performed, or alleged omissions, and is therefore not liable for any claims presented in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

Should Plaintiff recover from these answering Defendants, such recovery should be reduced to reflect the comparative negligence of Plaintiff and others unrelated to this Answering Defendant pursuant to Civil Code § 1431.2.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for injunctive relief has been rendered moot by the conduct and actions of this Answering Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

The making of the modifications of which Plaintiff complains would fundamentally alter the nature of the services, facilities, advantages or accommodations of this Answering Defendant's business facility, and, therefore, the modifications are not legally required

**TWELFTH AFFIRMATIVE DEFENSE**

The making of the modifications of which Plaintiff complains would result in an undue burden and hardship, significant difficulty or expenses to this Answering Defendant, and, therefore, the modifications are not legally required.

### THIRTEENTH AFFIRMATIVE DEFENSE

The barrier removal for which Plaintiff prays is not "readily achievable" within the meaning of 42 USC §12181; alternative remedies are also not "readily achievable," and thus not legally required to be performed by this Answering Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

There has been no remodeling of, new construction of, or alteration to any area of which Plaintiff complained concerning this Answering Defendant's business premises during the applicability of the Americans With Disability Act, and, therefore, this Answering Defendant has no duty to provide access to Plaintiff imposed by the Americans With Disability Act.

### FIFTEENTH AFFIRMATIVE DEFENSE

The alterations prayed for by Plaintiff would be disproportionate as to costs and scope of said alteration, when comparing the cost of the alteration to the primary function area of this Answering Defendant's premises, and, therefore, such alteration is not legally required.

WHEREFORE, defendant prays for relief as follows:

1. That plaintiff take nothing by way of his Complaint;
2. For attorney's fees and costs of suit; and
3. For such other and further relief as the Court may deem proper.
4. For a trial by jury

Dated: June 16, 2008                    Law Office of Nancy M. Battel, JD MBA

                                         /s/
                                    By: _____
                                         Nancy M. Battel
                                         Counsel for Defendant Taro Yamagami Trust,
                                         sued erroneously as Saro Yamagami Trust,

ANSWER                                    6